BRENDA H. ENTZMINGER
Nevada Bar No. 9800
DANIELA LABOUNTY
Nevada Bar No. 13169
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MONTILLA, individually, | Case No.: 2:13-cv-02348-GMN-CWH |
| Plaintiff, | |
| v. | **STIPULATION AND PROPOSED ORDER TO TAKE DEPOSITIONS OUTSIDE THE CLOSE OF DISCOVERY AND FOR PLAINTIFF TO DISCLOSE A REBUTTAL EXPERT** |
| WAL-MART STORES, INC., a Foreign Corporation; DOES I - X, and ROE CORPORATIONS I - X, inclusive, | |
| Defendants. | **[SECOND REQUEST]** |

Plaintiff ELIZABETH MONTILLA ("Plaintiff") and Defendant WAL-MART STORES, INC. ("Walmart"), by and through their respective counsel of record, do hereby stipulate hereby to the following: (1) Plaintiff withdraws, as moot, her Motion to Extend Discovery and Rebuttal Expert Disclosure Deadlines, *Docket Filing No. 19*: (2) to allow the Plaintiff to conduct the depositions of Walmart employees identified by the deponents during the depositions of Lisa Shine and Ofelia Bombino outside the close of discovery; (2) to allow Plaintiff 30 days to disclose a rebuttal expert; (3) allow Walmart 30 days after disclosure to depose Plaintiff's rebuttal expert; (4) to extend the dispositive motion deadline in this matter to 30 days after the final deposition is completed; and (5) to extend the pre-trial order deadline to 30 days after the dispositive motion deadline.  Pursuant to Local Rule 6-1(b), the parties state that this is the *second request* for an extension of any discovery deadline in this matter.

Pursuant to Local Rule 26-4, the parties state the following:

**(a) Discovery completed**

- The parties have exchanged FRCP 26(a) disclosures and supplements thereto;

- Walmart has deposed Plaintiff Elizabeth Montilla;

- Walmart has deposed Agnes Branham;

- Walmart has deposed Dr. Mark Kabins;

- Walmart has deposed Dr. Louis Mortillaro;

- Walmart has depose Dr. G. Michael Elkanich;

- Plaintiff has deposed Lisa Shine;

- Plaintiff has deposed Ofelia Bombino;

- Plaintiff has served Interrogatories and Requests For Production on Walmart, and Walmart has served responses and objections thereto;

- Walmart has served Interrogatories and Requests For Production on Plaintiff, and Plaintiff has served responses and objections thereto; and

- Walmart has disclosed affirmative experts; and

- Plaintiff has disclosed non-retained treating physicians.

**(b) Specific Description Of Discovery That Remains To Be Completed**

- Walmart's deposition of Plaintiff's treating physicians Dr. David Ginsburg; Dr. Brian Lemper; and Dr. Daniel Burkhead (to be completed during the discovery period);

- Plaintiff's deposition of Walmart employees identified by the deponents during the depositions of Lisa Shine and Ofelia Bombino;

- Plaintiff's deposition of Walmart's expert Dr. Stephen McIntire;

- Plaintff's disclosure of an expert to rebut Walmart's Expert, Dr. Michael Reid's opinions; and

- Walmart's deposition of Plaintiff's rebuttal expert.

**(c) Reasons Why The Deadline Was Not Satisfied Or The Remaining Discovery Was Not Completed Within The Time Limits Set By The Discovery Plan**

The parties stipulate, pending this Court's approval, that Plaintiff shall have leave to depose Walmart's expert, Stephen McIntire, M.D., Ph.d, the parties aver, pursuant to Local Rule 6-1, that good cause and excusable neglect exists for the requested leave. The parties have been unable to schedule Dr. McIntire's deposition during the discovery period, given Dr. McIntire's professional obligations and Plaintiff's counsel's trial schedule. The parties have diligently sought to conduct this deposition within the discovery period, but Plaintiff's counsel's trial schedule and Dr. McIntire's schedule have necessitated scheduling of his deposition outside the discovery period. The parties also stipulate the allow Plaintiff to take the depositions of Walmart employees identified during the depositions of Lisa Shine and Ofelia Bombino outside the close of discovery. The parties have tried to schedule these depositions during the discovery period, but given Plaintiff's counsel's trial schedule, have been unable to do so.

The parties also stipulate to allow Plaintiff leave to disclose an expert to rebut Walmart's expert, Dr. Michael Reid's opinions. The parties aver, pursuant to Local Rule 6-1, that good cause and excusable neglect exists for Plaintiff to disclose such an expert after the expiration of the rebuttal expert deadline, as Walmart disclosed Dr. Reid's supplemental report which contained new opinions on May 27, 2014, 30 days after the expert disclosure deadline. The parties further stipulate that Walmart will have until 30 days after such a rebuttal expert is disclosed to depose said expert.

Furthermore, the parties stipulate to extend the dispositive motion deadlines to 30 days after the last deposition is conducted and to extend the pre-trial order deadline to 30 days after the dispositive motion deadline, pursuant to Local Rule 26-1(e)(5).

**(d) Proposed Schedule For Completing All Remaining Discovery**

The parties note that discovery in this matter will close on <u>August 25, 2014</u>. All discovery in this matter has been completed, with the exception of the depositions stated above that will be

completed by August 25, 2014, and the depositions the parties have agreed to occur outside the close of discovery. Therefore, the parties propose the following deadlines:

- Plaintiff shall have until **September 15, 2014** to depose any Walmart employees identified by the deponents during the depositions of Lisa Shine and Ofelia Bombino;

- Plaintiff shall have until **October 6, 2014** to depose Walmart's expert, Dr. Stephen McIntire;

- Plaintiff shall have until **September 5, 2014** to disclose an expert to rebut Dr. Michael Reid's opinions;

- Walmart shall have until **October 6, 2014** to depose Plaintiff's rebuttal expert;

- The dispositive motion deadline shall be moved to **November 7, 2014**; and

- The pre-trial order deadline shall be moved to **December 8, 2014.**

As part of this stipulation and proposed order, Plaintiff agrees to withdraw her Motion To Extend Discovery and Rebuttal Expert Deadlines, *Docket Filing No. 19*. As the completed discovery demonstrates, the parties have been reasonable and diligent in adhering to this Court's Discovery Plan And Scheduling Order in conducting the completed discovery.

//
//
//
//
//
//
//
//
//

The parties therefore respectfully request that the parties be granted leave to conduct the aforementioned depositions, and for Plaintiff to disclose a rebuttal expert. The parties aver that this request is made by the parties in good faith and not for the purpose of delay.

DATED this 5th day of August, 2014     DATED this 5th day of August, 2014.

/s/ Jerome Bowen
_____
Jerome R. Bowen, Esq
Sarah M. Banda, Esq.
BOWEN LAW OFFICES
9960 W. Cheyenne Avenue
Suite 250
Las Vegas, NV 89129

Attorneys for Plaintiff

/s/ Daniela LaBounty
_____
Daniela LaBounty
PHILLIPS SPALLAS & ANGSTADT
504 South Ninth Street
Las Vegas, Nevada 89101

Attorneys for Defendant
Wal-Mart Stores, Inc.

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** August 6, 2014
_____