**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ELIZABETH MONTILLA,

        Plaintiff,

vs.

WALMART STORES, INC.,

        Defendant.

Case No. 2:13–cv–2348–GMN–VCF

**<u>ORDER</u>**

MOTION TO EXCLUDE DAMAGES (#31)

      This matter involves Elizabeth Montilla's personal-injury action against Walmart. Before the court is Walmart's Motion to Exclude Untimely Disclosed Damages (#31). For the reasons stated below, Walmart's motion is granted.

**I. BACKGROUND**

      On October 16, 2011, Elizabeth Montilla went to Walmart and slipped and fell near an ice machine. (Compl. #1-2 at ¶ 5). Because the fall allegedly caused "severe injuries, emotional distress, economic loss, pain and suffering, and mental anguish," Ms. Montilla commenced this action on September 18, 2013. (*Id*. at ¶ 6).

      Ms. Montilla's initial disclosures were due on January 23, 2014, *see* (Doc. #6 at ¶ 2), and were served on January 24, 2014. (Doc. #31-2 at 6). Her disclosure included a computation of damages for past medical expenses that totaled $35,586.69. (*Id*.) Ms. Montilla supplemented her initial disclosure 3 more times over the next 3 months. *See* (Entzminger Decl. #31-1 at ¶¶ 3–6). On April 11, 2014, Ms. Montilla served her third supplemental initial disclosures. (Doc. #31-5 at 5–6). It increased her initial claim for past medical expenses from $35,586.69 to $52,565.95. (*Id*.)

1

This prompted a letter from Walmart. On April 14, 2014, defense counsel informed Ms. Montilla that her supplements were incorrectly characterizing future medical expense as the accrued as past medical expenses as time elapsed. *See generally* (Doc. #31-24). The letter also informed Ms. Montilla that Rule 26 required her to make a reasonable forecast of her future damages by January 23, 2014, and that her failure to comply with Rule 26 puts her at risk of having her damages excluded at trial. (*Id*. at 3) ("The District of Nevada routinely excludes damages claims that are not timely disclosed pursuant to FRCP 26(a), as the following [seven] cases uniformly illustrate: [citations omitted]").

Despite Walmart's warning, Ms. Montilla supplemented her initial disclosure 17 more times over the following 15 months. *See* (Entzminger Decl. #31-1 at ¶ 23). Each supplemental disclosure included a computation of damages for past medical expenses. No claims for future medical expenses were disclosed. Ms. Montilla's final supplemental initial disclosure was served on July 28, 2015. (Doc. #31-22 at 8). It increased her initial claim for past medical expenses from $35,586.69 to $138,873.05. (*Id*.) This prompted Walmart's motion to exclude.

## II. LEGAL STANDARD

The guiding premise of the Federal Rules of Civil Procedure is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Rule 26(a)(1), which governs initial disclosures, effectuates Rule 1's purpose by imposing an affirmative duty on litigants to disclose certain information, including a computation of damages, without waiting for a discovery request. *See* FED. R. CIV. P. 26(a), Advisory Comm. Notes (1993).

Rule 26(a)(1)(A)(iii) requires a party to disclose "a computation of each category of damages claimed by the disclosing party." The plain language of the rule indicates that for disclosures purposes damages are determined, not by actual cost, but by what a party elects to claim. *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co*., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995) (stating

that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability; *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-2142-GMN, 2013 WL 6158461, at *4 (D. Nev. Nov. 20, 2013) ("Actual cost is not Rule 26(a)(1)(A)(iii)'s focus. The plain language of the rule states that 'a party must . . . provide . . . a computation of each category of damages **claimed by the disclosing party**.") (emphasis original). The rule requires parties to make a reasonable forecast of their damages so the opposing party may "prepare for trial or make an informed decision about settlement." FED. R. CIV. P. 26(a), Advisory Comm. Notes (1993).

In turn, Rule 26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. FED. R. CIV. P. 26(e)(1)(A). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). Supplementation means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)).

If a party fails to timely disclose or supplement a computation of damages for each category of damages that is claimed, that party is not allowed to use the information at a hearing or at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). The district court has wide latitude in using its discretion to impose discovery sanctions. *Id.* at 1106.

3

### III. DISCUSSION

Walmart argues that all damages that Ms. Montilla disclosed after its April 14, 2014, letter should be excluded from trial. The court agrees.

Rule 26(a)(1)(A)(iii) required Ms. Montilla to make a reasonable forecast of her future medical expenses by January 23, 2014. Thereafter, Rule 26(e)(1)(A) permitted Ms. Montilla to correct any inaccuracies with her initial forecast by supplementing her initial disclosure. However, Ms. Montilla never made a claim or a reasonable forecast of her future medical expenses. Instead, as time elapsed, she re-characterized future medical expenses as past medical expenses when she received her doctors' bills.

This was inappropriate. Rule 26(a) is not concerned with actual costs. *Patton*, 2013 WL 6158461, at *4. Initial disclosures function as a form of notice pleadings; they merely require a party to include "a computation of each category of damages **claimed** by the disclosing party." *See* FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). Because the rule is concerned with "claims" and not actual cost, compliance with Rule 26(a)(1)(A)(iii) requires a party to look into the future and estimate what the party intends to claim at trial.

Because this calculation is an estimation, it is necessarily uncertain and may be corrected "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. FED. R. CIV. P. 26(e)(1)(A). Rule 26(e) allows a party to "correct[] inaccuracies." *Luke*, 323 Fed. Appx. at 500. However, Rule 26(e) prohibits what Ms. Montilla did here: leading the opposing party blindly into the future by revising her initial disclosures to her advantage after the initial-disclosure deadline expired. *See Luke*, 323 Fed. Appx. at 500. This prevented Walmart from being able "to prepare for trial or make an informed decision about settlement." *See* FED. R. CIV. P. 26(a), Advisory Comm. Notes (1993).

Ms. Montilla asserts that she complied with Rule 26 because her supplemental disclosures "contain medical/billing records" that "clearly indicate that state that [*sic*] Plaintiff is still treating." (Doc. #35 at 4:23–26). This argument fails as a matter of law. Actual cost is irrelevant under Rule 26(a). Ms. Montilla was merely required to estimate what her future medical expenses would be.

Ms. Montilla also asserts that exclusion is inappropriate because it would require her "to quit treating and/or quit submitting medical records merely because discovery is closed or trial is upcoming." (Doc. #35 at 8:1–2). This is also incorrect. Ms. Montilla had a duty to disclose a computation of future medical expenses that she would claim at trial. Whether she continues with her treatment or whether her treatment is necessary is irrelevant under Rule 26(a).

The court finds that Ms. Montilla's failure to include a claim for future damages was neither harmless nor substantially justified. On April 14, 2014, Walmart notified Ms. Montilla that she had failed to comply with Rule 26(a). Dispute Walmart's warning, Ms. Montilla continued to revise her initial disclosures in violation of Rules 26(a) and (e). This prevented Walmart from being able to make an informed decision about settlement or trial. Ms. Montilla revised her initial disclosures 20 times and increased her damages from $35,586.69 to $138,873.05. This untimely increase of $103,286.36 prejudices Walmart; it is tantamount to adding a new basis for liability on the eve of trial.

Courts in the District of Nevada routinely exclude damages claims that are not timely disclosed pursuant to Rule 26(a). *See, e.g.*, *Smith v. Wal-Mart Stores, Inc.*, No. 2:13–cv–1597–MMD–VCF, 2014 WL 3548206, at *3 (D. Nev. July 16, 2014); *Patton v. Wal–Mart Stores, Inc.*, No. 2:12–cv–2142–GMN–VCF, 2013 WL 6158461 (D. Nev. Nov. 20, 2013); *Rios v. Wal-Mart Stores, Inc.*, No. 11–cv–1592 (D. Nev. Dec. 11, 2013); *Shakespear v. Walmart Stores, Inc.*, No. 12–cv–1064 (D. Nev. July 8, 2013); *Olaya v. Walmart Stores, Inc.*, 11–cv–0997 (D. Nev. Aug. 7, 2012); *Baltodano v. Walmart Stores, Inc.*, No. 10–cv–2062 (D. Nev. Aug. 31, 2011).

Therefore, the court finds that Ms. Montilla failed to comply with Rules 26(a) and (e). Her medical damages are limited to what she disclosed in her April 11, 2014, supplemental disclosure: $52,565.95. *See* (Doc. #31-5 at 5:25).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Walmart's Motion to Exclude (#31) is GRANTED.

IT IS FURTHER ORDERED that Ms. Montilla's medical damages are limited to $52,565.95.

IT IS SO ORDERED.

DATED this 16th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE